Good afternoon. We're going to continue now with appeal number 19-2725, Keith Smith v. City of Chicago. We'll start with argument from the appellant, Mr. Flaxman. Thank you. May it please the Court. The question in this appeal is when a Section 1983 claim for fabricating evidence accrues. The Supreme Court answered that question in McDonough v. Smith, holding that the claim accrues upon favorable termination of the underlying criminal proceeding. This Court, sitting en banc in Savory v. Cannon, followed McDonough and held, and this is a quote from Savory, a Section 1983 claim for fabricating evidence in a criminal prosecution accrued upon acquittal. There is no dispute in this case that plaintiff's claim was timely. If it accrued upon acquittal, the Court should reverse and remand for further proceedings. Mr. Flaxman, the Second Amendment complaint appears to be limited to a claim under the Fourth Amendment. Am I reading that correctly? It is correct that paragraph 32 of the Second Amendment complaint refers only to the Fourth Amendment. The argument we've raised about the due process clause was preserved because it was dismissed as a legal matter by the Court on the first complaint. The first complaint included a Fourteenth Amendment claim. That's right. Abandoned. I'm sorry? Has that been abandoned? No, we did not abandon the Fourteenth Amendment claim. We relied on the District Court's ruling on that claim to preserve it for the Court to consider later. I don't think this is an issue that we've briefed, but there are cases, and I don't have them at my fingertips, which state that a party does not have to replete a claim that's been dismissed on the merits for a legal basis in order to preserve that for appeal. I believe that at the time we filed the amended complaint, this Court had already overturned its ruling in the Hurd case, in the later case Lewis, saying that there was the due process claim. So I think we preserved that by raising it in the first complaint. The other thing that I would add on that issue is just that there are many cases that say a plaintiff is not required to plead legal theories. And so I don't think that putting the words Fourteenth Amendment in that complaint would have even been necessary if it hadn't been preserved by the original complaint and by the judge's ruling on the Fourteenth Amendment in that complaint. So you haven't, in your view, limited your claim to the Fourth Amendment? No. We're before this Court arguing for a right to go forward on both the Fourth and the Fourteenth Amendments. Well, I just have a problem because your first complaint invoked the Fourteenth Amendment. And that language was dropped out of the second amended complaint, which is the one now on appeal. Well, I mean, it makes a big difference. Well, respectfully, my understanding is that the rule is that when the court rules on a dismisses one claim in one ruling on a motion, the amended complaint does not need to replete that claim to preserve it. But if the court finds that the due process claim is not before it, the court should rule strictly on the Fourth Amendment claim and reverse that the rule that the Seventh Circuit adopted or followed in Savory, which relied on the Supreme Court's opinion in McDonough, is that any claim about fabrication of evidence accrues upon acquittal. And that goes for a Fourth Amendment claim, which there's no dispute that the facts, aside from timeliness, are sufficient to state a Fourth Amendment claim. And the court, therefore, doesn't need to reach the due process claim if it allows us to go forward on the Fourth Amendment claim. The reasoning by the Supreme Court in McDonough and by this court in its en banc decision in Savory was about the practical consequences of requiring a criminal defendant to file a civil suit while he's defending an underlying criminal prosecution. And the timing here, where Mr. Smith was in custody for six months and then released on bond and then waited over two years before his trial in Illinois, that's a two-year statute of limitations, he would have been required to file his lawsuit while his criminal case was still pending. The Supreme Court said that requiring that would run counter to core principles of federalism, comity, consistency, and judicial economy. It used what I think is very vivid language to talk about imposing a ticking limitations clock on criminal defendants as soon as they become aware that fabricated evidence has been used against them. The other consideration from the court's ruling in McDonough that this court also discussed in Savory was the rule of Heck v. Humphrey, which applies a deferred accrual ruling to damages claims that would challenge the validity of an extant conviction. What McDonough held was that the rule applies when there's an ongoing criminal prosecution as well. And in this case, we're asking the court to do what it did in Savory and apply that rule to hold that plaintiff's claim of fabricated evidence applied upon his acquittal in the criminal trial. Look, I want to go back a little. Because the operative complaint is limited to the Fourth Amendment, isn't it also limited to damages for unlawful pretrial detention? Did Smith mean to bring a claim related not only to the pretrial detention, but also to the trial itself? I mean, if he did, why didn't he include language implicating a due process claim that, you know, that would be akin to a malicious prosecution like in Savory? There is only pretrial detention in this case. Mr. Savory served a few decades in prison before he was pardoned. So he was detained after he was convicted at trial. Mr. Smith's detention was only while he was awaiting trial and he was acquitted at that trial. So under the court's reading of this area of law, most forcefully stated in Lewis versus Chicago, the only claim he has for that pretrial detention is under the Fourth Amendment. And that's if the court finds that the Fourth Amendment claim is the only one before it is the only one that it wants to consider. It should apply the rule that we have been discussing to the Fourth Amendment claim and find that Mr. Smith filed his claim timely. And if there's a follow up, is there a follow up coming from you? No, no. If there are no other questions from the panel, I would like to reserve the balance of my time. Thank you. Very good. That request will be granted. Mr. Enriquez, we'll now move to you for argument on behalf of the appellee. Yes, thank you. May it please the court. Mr. Smith asserted a single claim in his operative complaint, as Judge Rosener points out. And that claim was that he was seized pursuant to invalid process in violation of the Fourth Amendment. This court held in Manuel 2 that such claims accrue when the detention ends. And here, Mr. Smith's detention ended when he was released from the Cook County Jail more than 40 years before he brought this action. The district court applied the applicable two year statute of limitations and correctly dismissed the claim as time barred. In his opening brief, Mr. Smith argued that the two bond conditions imposed during the period between his release from the Cook County Jail and until he was found not guilty at his criminal trial were themselves a seizure. These conditions required him to appear in court when requested and to seek court permission before leaving the state. This court held in Bielanski that those same bond condition restrictions do not constitute a seizure. And we explain in our brief that under Bielanski, Mr. Smith's bond conditions did not affect accrual of his Fourth Amendment claim. Mr. Smith does not even mention Bielanski in his reply brief. Instead, Mr. Smith limits his reply brief to his other argument for reversal, that his claim accrued upon the favorable termination of his criminal case. This court rejected that position in Manuel 2, holding that a Fourth Amendment unlawful detention claim accrues upon release from detention and not upon the termination of the criminal proceeding. Mr. Ortiz, forgive me, but I need some help here. Which of our cases is the most factually analogous to Smith's circumstances? Manuel's pretrial detention ended within a day of charges being dropped and he was never tried, right? That's correct. Okay. Savory was tried twice, convicted and ultimately pardoned, right? That's correct. McDonough was not subject to pretrial detention, but he was tried and fabricated evidence, was used at the trial where he was acquitted, right? That's correct. What case is most closely analogous to the facts here? Well, I don't think there is a case that's close to this case. The most important aspect of this case, at least passing the Bielanski point about bond restrictions and Bielanski's holding that the bond restrictions do not constitute a seizure. This case is simply a case in which a person is released from detention and then years later is tried and during that, but does not file a complaint after acquittal within two years of being released from detention. I don't know of a case that is close to that case, but the Manuel 2 perhaps is close to it. But because there was a short period of time in Manuel 2 where the person had been released from detention, but had not yet been acquitted. So I'm not sure there is an analogous case. Well, Smith is in an unusual spot here because of what you said. He's released from pretrial detention, then he has to wait two years for his trial. If he brought his claim within two years of his release before his acquittal, would his claim have been barred by heck because of the ongoing criminal proceedings? I mean, is he in a catch 22 of some sort where his claim is too early? If he files it before it's acquittal and too late, plaintiffs have a real problem when the trial is delayed longer than the statute of limitations, right? Well, Your Honor, the Wallace case specifically held that the, I'm sorry, the, could Your Honor please ask the question again? I'm sorry. Is he in a catch 22? No, because the Wallace case held that there has to be an ongoing, there has to be a conviction before the heck bar applies. The heck bar does not apply to an ongoing criminal to ongoing criminal proceedings. It only applies where there has been a conviction. McDonough, to be sure, ends up relying on certain pragmatic concerns that were at issue that the court considered important. But those were pragmatic concerns that the court said were rooted in the due process clause. But of course, Mr. Smith's claim is not a due process claim. It's a Fourth Amendment claim. And those pragmatic concerns that are rooted in malicious prosecution, the common law tort of malicious prosecution, are not concerns that are pertinent to false imprisonment, which we argue in our brief is the common law tort most analogous to Mr. Smith's claim. So those so there's no argument that that heck actually bars on a claim filed when on when there are ongoing criminal proceedings. As I said, Mr. Smith limits his reply brief to his other argument for reversal that his claim accrued upon the favorable termination of this criminal case. But the court rejected that position in Manuel holding that a Fourth Amendment unlawful detention claim accrues upon release from detention and not upon termination of the criminal proceeding. Mr. Smith contends that the Supreme Court's decision in McDonough overruled Manuel too, but that is not correct. Mr. McDonough was never held in custody pending his criminal trial, and his claim was not a Fourth Amendment claim, as I've explained. In his reply brief, Mr. Smith does not dispute any of the points that I have made thus far. And the three decisions of this court that he relies on, Cam, Savory, and Sanders do not support him. With respect to Cam, Mr. Smith cites this court's recognition in Cam that McDonough held that the statute of limitations for fabrication of ever for a fabrication of evidence claim does not begin to run until the criminal proceedings against the defendant have terminated in his favor with a final acquittal. He actually quoted that again today. But as we explained in our brief, the McDonough court assumed that the fabrication of evidence claim at issue in that case was a due process claim, not a Fourth Amendment claim. And so the accrual rule, McDonough simply does not apply. Indeed, Cam refers to the McDonough holding only when discussing accrual of one of Cam's due process claims, not when discussing accrual of Cam's Fourth Amendment unlawful pretrial detention claim. As for Savory, which Mr. Smith says reaffirmed Cam's reading of McDonough, this court's en banc decision likewise referred to the McDonough holding only when discussing accrual of certain of Savory's claims other than his Fourth Amendment unlawful detention claim. Finally, in Sanders, the court cited McDonough and Savory for the proposition that where a conclusion that a detainee's confinement was unconstitutional would imply the invalidity of an ongoing criminal proceeding, then the Heck case would bar the detainee's claim not only while he was confined, but also after his release and until that criminal proceeding terminated in his favor. But we explained in our brief that neither McDonough nor Savory supports that condition in Sanders. And as I just explained a minute ago, that contention is inconsistent with Wallace, which explained that the Heck bar does not apply unless the claim would impugn an existing conviction. Thank you, Mr. Hendricks. Thank you. Your time has expired. Thank you, Mr. Flaxman. Let's go back to you for rebuttal. Thank you. I'll just begin where counsel ended, which is the Sanders versus St. Joseph County case. And his description of that ruling is absolutely correct that it states that based on McDonough, a claim does not accrue until the criminal proceedings are resolved in favor of the plaintiff. To the extent that the defendants argue that that rule is inconsistent with Wallace, I'd invite the court to look at the Supreme Court's discussion of Wallace in McDonough, where the court very clearly distinguished Wallace and said why the false arrest claim in that case is different from the claim here about ongoing custody. Judge Rovner asked which case of three is the most analogous. And I think the answer is that the court doesn't have to pick one that in each one, the outcome is exactly the same if the court applies the rule that has been put forward in each one of the cases that we've cited that Mr. Manuel's claim accrued. The court held in that case when he was released from confinement, but that was the same time as when his complaint as when his claims criminal case was dismissed. One way of reading the manual case is consistent with this rule that we've been advocating for is to say that being released on bond is a continuation of a seizure and the defendants rely on the Bielanski case. We explained in our opening brief why that case didn't survive the Supreme Court's opinion in Manuel and why other cases from the Supreme Court are consistent with the holding that release on bond with the requirement to appear in court on threat of incarceration is a Fourth Amendment seizure. So unless there are further questions, thank the court for its time. We ask you to reverse and remand for further proceedings. Thank you, Mr. Flaxman. Thank you, Mr. Enriquez. The case will be taken under advisement.